[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT DATED JUNE 17, 1992
This is an action to recover sums claimed to be due the plaintiff, P G Pepper Construction Services, Inc. (hereinafter P G Pepper), for labor and materials furnished to the defendant, the S. Carpenter Construction Company (hereinafter Carpenter), under a written contract involving a public project located in West Hartford.
In Count 7 of the revised complaint, the plaintiff alleges that Carpenter and the defendant, National Union Fire Insurance Company (hereinafter National Union), entered into a written agreement in which National Union, as surety, agreed to pay all sums which might become due to the plaintiff pursuant to the contract between the plaintiff and Carpenter. In paragraph 7 the plaintiff alleges that timely notice of the performance of the contract and the nonpayment of same was given to National Union on or about July 5, 1991 but it has neglected and refused to pay the sum of $16,605.59 to P G Pepper.
National Union moves for summary judgment on the seventh count of the complaint and paragraphs two, three, and four of the prayer for relief. It claims that the requisites of 49-42(a) of the Conn. Gen. Stats. were not followed.
The undisputed facts are as follows: CT Page 6761
1. On or about November 21, 1990 Carpenter, as contractor, employed the services of the plaintiff, P G Pepper, to provide labor and materials on a project in West Hartford.
2. Defendant Carpenter entered into a Labor and Material Payment Bond for the project with defendant National Union.
3. The plaintiff last finished labor and/or material on the project on April 11, 1991.
4. On July 5, 1991 plaintiff mailed a certified letter to defendant Carpenter, with a copy to defendant National Union, in which plaintiff demanded that Carpenter make payment of $16,605.59 for work performed on the project.
5. After Carpenter refused to pay this $16,605.59, the plaintiff initiated this action by writ, summons and complaint dated September 24, 1991.
6. The seventh count against defendant National Union is brought pursuant to 49-42 of the Conn. Gen. Stats., and seeks attorney fees, costs, and interest pursuant to said statute.
Section 49-42(a) of the Conn. Gen. Stats. provides, in pertinent part, as follows:
 "Every person who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which a payment bond is furnished under the provisions of section 49-41 and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which the claim is made may enforce his right to payment under the bond by serving a notice of claim within one hundred eighty days after the date on which he performed the last of the labor or furnished the last of the material for which the claim is made, on the surety that issued the bond and a copy of the notice on the contractor named as principal in the bond. The notice of claim shall state with substantial accuracy the amount claimed, the name of the party for whom the labor was performed or to whom CT Page 6762 the materials were furnished and shall provide a detailed description of the bonded public project for which the labor or materials were provided.
National Union claims that the requisites of49-42(a) were not followed by the plaintiff as to defendant surety because the statute required that the notice of claim be served on the surety after the expiration of 90 days from the last day labor or materials were provided. In the instant case the plaintiff served its notice on the surety 85 days, rather than 90 days, after the labor or materials were provided. The court does not agree with National Union's position. The statute provides that a notice of claim should be served on the surety "within one hundred eighty days after the date on which (the plaintiff) performed the last of the labor or furnished the last of the material for which the claim was made."
Defendant National Union also claims that the notice of claim was not a notice upon the defendant surety. It states that the statute requires that demand for payment be made to the surety with a copy sent to the contractor. The court holds that the letter sent to the contractor with a copy to the surety was sufficient "notice of claim" on the surety to satisfy 49-42(a).
Accordingly, the motion for summary judgment is denied.
ALLEN, J.